UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH J. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01910-JRO-KMB |
| | ) | |
| ROY ABRAHAM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| 3C COMPREHENSIVE CORRECTIONAL CARE, | ) | |
| | ) | |
| Interested Party. | ) | |

**ORDER SCREENING AMENDED COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff Joseph Brown was a pretrial detainee incarcerated at Hamilton County Jail who filed this civil action against Dr. Roy Abraham and 3C Comprehensive Correctional Care. Dkt. 1. The Court screened and dismissed Brown's original complaint, allowed limited discovery, and gave him an opportunity to amend. Dkt. 19. Brown has now filed an amended complaint. Dkt. 26.

Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. SCREENING STANDARD

To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

1

Civil Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).  Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers."  *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.   THE AMENDED COMPLAINT

Brown names eight defendants and alleges various constitutional violations in the amended complaint under the Eighth Amendment and Fourteenth Amendment's Due Process Clause: (1) Dr. Roy Abraham, (2) NP Kylie Henderson, (3) NP John Reynolds, (4) LPN Michelle Putty, (5) LPN Regina Casey, (6) LPN Gay Mullins, (7) 3C Comprehensive Correctional Care ("3C"), and (8) LPN Heather Lynch.  Dkt. 26 at 1.

The allegations of the amended complaint are largely identical to the allegations of the original complaint.  The Court set forth those allegations in detail in the original screening order and does not repeat them in detail here.  *See* Dkt. 19 at 2-4.

In summary, upon booking into Hamilton County Jail, Brown alerted medical staff of his allergies to acetaminophen and ibuprofen and his previous orthopedic surgery.  In the amended complaint, Brown alleges that from

November 13, 2023, through October 18, 2024, his requests for medical care for severe abdominal and leg pain went unanswered. He alleges that from February 2024 through November 2024, he was denied adequate medical care by Dr. Roy Abraham, NP John Reynolds, LPN Michelle Putty, LPN Heather Lynch, LPN Regina Casey, and LPN Gay Mullins for failing to treat his pain or diagnose a hernia. Brown received several rounds of antibiotics despite informing his providers that they were not effective in treating his pain. And one point, he received a prescription for acetaminophen from LPN Heather Lynch and NP John Reynolds even though he was allergic to that medication. Eventually, after months of pain, he was sent to an outside hospital and was diagnosed with a hernia. A doctor prescribed a narcotic pain reliever, but back at the jail he was told that he could not receive that or *any* other pain medication, given his allergies to acetaminophen and ibuprofen.

Brown seeks monetary damages.

### III. DISCUSSION

Brown's constitutional rights are derived from the Due Process Clause of the Fourteenth Amendment for the timeframe when he was a pretrial detainee, and under the Eighth Amendment for the timeframe after his sentencing on October 28, 2024. *See, e.g., Kingsley v. Hendrickson,* 576 U.S. 389, 400 (2015); *Miranda v. County of Lake,* 900 F.3d 335, 352 (7th Cir. 2018).

As an initial matter, all claims against NP Kylie Henderson must be **dismissed.** Brown's amended complaint makes no specific factual allegations against her. "For constitutional violations under § 1983 or *Bivens,* a government

3

official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (cleaned up). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'").

As mentioned in the Court's original screening order, any claim against 3C is **dismissed**. Private corporations acting under color of state law are treated as municipalities for purposes of 42 U.S.C. § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean*, 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). The amended complaint does not identify an action taken by 3C that caused Brown to suffer a constitutional violation. Brown alleges that 3C employed the individual defendants and permitted their negligent care of him. Dkt. 26 at 4. But he does not state any facts from which the Court could infer that the corporate medical provider has a policy, pattern, or practice of this conduct, and 3C cannot be liable under a theory of respondeat superior for their employees' conduct. *See McCauley v. City of Chicago*, 671 F.3d 611, 616–18 (7th

4

Cir. 2011); *Simpson v. Brown County*, 860 F.3d 1001, 1005–06 (7th Cir. 2017). Accordingly, the claim against 3C must be dismissed.

Further, all claims against LPN Michelle Putty, LPN Heather Lynch, LPN Regina Casey, and LPN Gay Mullins must be **dismissed**. Indiana law confirms that LPNs—or licensed practical nurses—"function[] at the direction of . . . a registered nurse; or a physician with an unlimited license to practice medicine or osteopathic medicine . . . in the performance of activities commonly performed by practical nurses . . . ." Ind. Code § 25-23-1-1.2. Indiana defines "practical nursing" to consist of the following:

> (1) contributing to the assessment of the health status of individuals or groups;
> (2) participating in the development and modification of the strategy of care;
> (3) implementing the appropriate aspects of the strategy of care;
> (4) maintaining safe and effective nursing care; and
> (5) participating in the evaluation of responses to the strategy of care.

Ind. Code § 25-23-1-1.3. These professional duties do not include diagnosing or prescribing medication. *See also* Ind. Code § 25-1-9.5-4 (omitting LPNs from the list of medical professionals who may be a "prescriber"); Ind. Code § 25-1-9.3-5 (same).

Given this legal context, any allegation that the LPN defendants deliberately refused to prescribe medication to Brown or do anything other than "function at the direction of" a nurse's, nurse practitioner's or doctor's orders is facially implausible because they had no professional obligation to diagnose or prescribe medications to Brown but could reasonably defer to the decision-

making of others on these matters. Brown makes no allegation that any of the LPNs ever refused to relay Brown's requests for medical care to a supervising health care professional or refused to render any nursing care that was inconsistent with Dr. Abraham's orders. Instead, the amended complaint alleges that in all their interactions with Brown, the LPN defendants responded to Plaintiff's requests and either referred him for treatment to Dr. Abraham or reiterated instructions previously given by Dr. Abraham. These allegations are consistent with the LPNs professional obligations and, thus, cannot support the kind of deliberate, subjective indifference necessary to state a claim under the Eighth Amendment, *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021), or the objective unreasonableness necessary to state a Fourteenth Amendment Due Process claim, *Zemlick v. Burkhart*, 164 F.4th 1004, 1010 (7th Cir. 2026) (citations omitted).

The claims that **shall proceed** are the following: Fourteenth Amendment Due Process Clause and Eighth Amendment denial of medical care claims against Dr. Roy Abraham and NP John Reynolds for failing to diagnose his hernia or treat his pain during the relevant time.

This summary of claims includes all of the viable claims identified by the court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through July 31, 2026,** in which to file a motion to reconsider the screening order.

6

## IV. CONCLUSION AND SERVICE OF PROCESS

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Dr. Roy Abraham and NP John Reynolds in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on May 19, 2026, dkt. [26], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The **clerk is directed** to terminate NP Kylie Henderson, LPN Michelle Putty, LPN Regina Casey, LPN Gay Mullins, LPN Heather Lynch, and 3C on the docket and to add NP John Reynolds as a defendant on the docket.

**SO ORDERED.**

Date: 7/2/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

JOSEPH J. BROWN
302843
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel

7

Dr. Roy Abraham
Hamilton County Jail
18102 Cumberland Rd
Noblesville, IN 46060

NP John Reynolds
Hamilton County Jail
18102 Cumberland Rd
Noblesville, IN 46060